IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Viaticus, Inc.,

Plaintiff,

v.

First Colony Life Insurance Company,

Defendant.

COURT FILE NO. 01-CV-2134 (DSD/JMM)

**STIPULATION AND ORDER TO AMEND ANSWER**

Pursuant to Fed. R. Civ. P. 15(a) and the stipulation by and between counsel to the above-captioned parties,

IT IS HEREBY STIPULATED AND AGREED that defendant may serve and file its amended answer attached hereto as Exhibit 1.

Dated: March 13, 2002.

RIDER, BENNETT, EGAN & ARUNDEL, LLP

By ______________________
James R. Crassweller (#19690)
333 South Seventh Street
Suite 2000
Minneapolis, MN 55402
Telephone: (612) 340-7961

and

PIPER MARBURY RUDNICK & WOLFE
Stephen O'Donnell
Nancy L. Hendrickson
203 North LaSalle Street
Suite 1800
Chicago, IL 60601
Telephone: (312) 368-4000

**ATTORNEYS FOR PLAINTIFF**

FILED MAR 19 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ______
DEPUTY CLERK ______

MOSS & BARNETT
A Professional Association

Dated: March 12, 2002.

By ______________________
Thomas J. Shroyer (#100638)
4800 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-4129
Telephone: (612) 347-0300

**ATTORNEYS FOR DEFENDANT**

**ORDER**

The foregoing Stipulation is hereby approved and

IT IS ORDERED that defendant may serve and file its amended answer attached hereto as Exhibit 1.

BY THE COURT:

Dated: 3/18, 2002

______________________
John M. Mason
Magistrate Judge of U.S. District Court

492431/1

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Viaticus, Inc., COURT FILE NO. 01-CV-2134 (DSD/JMM)

Plaintiff,

v. **AMENDED ANSWER**

First Colony Life Insurance Company,

Defendant.

Defendant, First Colony Life Insurance Company ("First Colony"), states as follows for its amended answer to the complaint of plaintiff, Viaticus, Inc. ("Viaticus"):

**Summary of the Case**

1. The allegation that Exhibit A is a true and correct copy of a life insurance policy issued to Marjorie E. Ashbach ("Ashbach") in February, 1996, (the "Policy") is denied on the grounds that it is an incomplete copy of the policy because it does not include the application; all other allegations in paragraph 1 of the complaint are denied.

2. The allegation that Viaticus provided written notification to First Colony of the change of ownership and beneficiary of the Policy from Ashbach to Viaticus is admitted; all other allegations in paragraph 2 of the complaint are denied.

3. The allegation that Viaticus made some premium payments under the Policy, including one for $49,000, is admitted; all other allegations in paragraph 3 of the complaint are denied.

tabbies EXHIBIT 1

4. The allegation that First Colony issued a notice to Viaticus that the Policy had lapsed for nonpayment of premiums on October 16, 2000, is admitted; all other allegations in paragraph 4 of the complaint are denied.

5. Paragraph 5 of the complaint is denied.

6. Paragraph 6 of the complaint is denied.

7. Paragraph 7 of the complaint is denied on the grounds that the Policy speaks for itself and to the extent that the characterization of the Policy is inaccurate, incomplete or misleading; by way of further answer, the allegation that First Colony sent Viaticus a grace period notice on August 14, 2000, is admitted, but all remaining allegations in paragraph 7 of the complaint are denied.

8. Paragraph 8 of the complaint is denied.

**Parties**

9. Paragraph 9 of the complaint is denied for lack of information and belief.

10. Paragraph 10 of the complaint is admitted.

**Jurisdiction and Venue**

11. Paragraph 11 of the complaint is admitted.

12. Paragraph 12 of the complaint is denied.

**Facts Common to All Counts**

13. Paragraph 13 of the complaint is admitted.

14. The accuracy of the quotation from the Policy in paragraph 14 of the complaint is admitted; all other allegations of that paragraph are denied.

15. Paragraph 15 of the complaint is admitted.

16. The allegation that Viaticus became the owner and beneficiary of the Policy by assignment from the Ashbach Trust is admitted, as is the allegation that Viaticus thereby became obligated to comply with all terms of the Policy; all other allegations in paragraph 16 of the complaint are denied for lack of information and belief.

17. Paragraph 17 of the complaint is admitted.

18. Paragraph 18 of the complaint is admitted.

19. The allegation that Viaticus "did not receive any notices from First Colony as to any deficiencies or additional amounts due before the next policy anniversary date" is denied; the remainder of paragraph 19 of the complaint is admitted.

20. Paragraph 20 of the complaint is denied. By way of further answer, First Colony states that on February 11, 2000, Viaticus issued its check no. 30046 in the amount of $49,000 to replace its previously issued check (no. 29994), which had been inadvertently printed with incorrect ABA routing and account numbers.

21. The allegations in Paragraph 21 of the complaint that on October 16, 2000, defendant sent (and plaintiff received) notification that the Policy had lapsed due to non-payment of premium and of the right to reinstatement in accordance with the terms of the Policy is admitted; all other allegations in that paragraph are denied.

22. Paragraph 22 of the complaint is denied.

23. Paragraph 23 of the complaint is denied.

**COUNT I**
**(Equitable Accounting)**

24. First Colony incorporates by this reference each of its answers to the allegations in paragraphs 1-23 of the complaint.

25. Paragraph 25 of the complaint is denied.

26. Paragraph 26 of the complaint is denied.

27. Paragraph 27 of the complaint is denied.

28. Paragraph 28 of the complaint is denied.

**COUNT II**
**(Specific Performance)**

29. First Colony incorporates by this reference each of its answers to the allegations in paragraphs 1-23 of the complaint.

30. Paragraph 30 of the complaint is admitted. By way of further answer, defendant states that the only remaining provision of the Policy is the right to reinstatement as provided in the Policy.

31. Paragraph 31 of the complaint is denied.

32. Paragraph 32 of the complaint is denied.

33. Paragraph 33 of the complaint is denied.

**COUNT III**
**(Declaratory Judgment)**

34. First Colony incorporates by this reference each of its answers to the allegations in paragraphs 1-23 of the complaint.

35. Paragraph 35 of the complaint is admitted. By way of further answer, defendant states that the only remaining provision of the Policy is the right to reinstatement as provided in the Policy. 36. Paragraph 36 of the complaint is not an allegation to which an answer is required; but to the extent an answer is required, it is denied.

37. Paragraph 37 of the complaint is denied.

**COUNT IV**
**(Breach of Contract)**

38. First Colony incorporates by this reference each of its answers to the allegations in paragraphs 1-23 of the complaint.

39. Paragraph 39 of the complaint is admitted. By way of further answer, defendant states that the only remaining provision of the Policy is the right to reinstatement as provided in the Policy.

40. Paragraph 40 of the complaint is denied.

41. Paragraph 41 of the complaint is denied.

42. Paragraph 42 of the complaint is denied.

**ADDITIONAL DEFENSES**

43. The complaint fails to state a claim upon which relief can be granted.

44. Venue in this district is improper.

45. First Colony mailed premium, grace period and lapse notices to Viaticus on July 14, August 14, August 28 and October 16, 2000, respectively.

46. The Policy (i) lapsed by its express terms when Viaticus failed to pay the renewal premium on its due date of August 13, 2000; and (ii) continued in its lapsed status upon the expiration, on October 15, 2000, of the grace period provided by the Policy; or (iii) pleading in the alternative, lapsed upon the expiration of the February 13, 2001, deadline for payment afforded by Chapter 215 of the Illinois Compiled Statutes § 5/234.

47. Viaticus' claims are barred by the doctrine of waiver.

48. Viaticus failed to mitigate its alleged damages when it failed to seek reinstatement according to the terms of the Policy and continues in its failure to mitigate

its alleged damages by failing to seek reinstatement according to the terms of the Policy.

49. In the event that the court grants the relief requested in Count II of the complaint, then relief can only be granted upon plaintiff providing evidence that Mrs. Ashbach is insurable according to the defendant's rules and upon plaintiff paying the required amounts of premium, both as provided for under the reinstatement provision of the Policy.

50. In the event that the court grants the relief requested in Count III of the complaint, then the defendant is entitled to recover from the plaintiff the amount of all premium that remains unpaid.

WHEREFORE, First Colony Life Insurance Company prays that the claims of Viaticus, Inc. against it be dismissed and that it be awarded its costs and disbursements incurred herein or, in the alternative, if the court orders reinstatement of the policy or finds that the policy never lapsed, then defendant prays that it be awarded judgment against plaintiff for the amount of all premium required to keep the policy in force, together with interest thereon.

MOSS & BARNETT
A Professional Association

Dated: ___________, 2002.

By_______________________________
Thomas J. Shroyer (#100638)

Attorneys for Defendant
4800 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-4129
Telephone: (612) 347-0300
Facsimile: (612) 339-6686