IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Viaticus, Inc.,

Plaintiff,

v.

First Colony Life Insurance Company,

Defendant.

COURT FILE NO. 01-CV-2134 (DSD/JMM)

**STIPULATION** AND ORDER

**IT IS HEREBY STIPULATED AND AGREED** by and between the parties hereto, that all discovery conducted in this action be subject to a Protective Order in the form attached hereto as Exhibit A.

**IT IS FURTHER STIPULATED AND AGREED** that this Stipulation together with a Protective Order in the form attached hereto as Exhibit A may be presented to the Court for entry without hearing or appearance by counsel.

Dated: May 30, 2002

PIPER RUDNICK

By [signature]
Stephen O'Donnell, #IL06207710
Nancy L. Hendrickson, #IL06193883
203 North LaSalle Street, Suite 1800
Chicago, IL 60601
Telephone: (312) 368-4000
and
James R. Crassweller, #19690
Rider Bennett Egan & Arundel, LLP
333 South Seventh Street, Suite 2000
Minneapolis, MN 55402
Telephone: (612) 340-7961

**Attorneys for Plaintiff**

Dated: May 31

MOSS & BARNETT
A Professional Association

By [signature]
Thomas J. Shroyer, #100638
Philip J. Young, #283368
4800 Wells Fargo Center
90 South Seventh Street
Minneapolis MN 55402-4129
Telephone: (612) 347-0300

**Attorneys for Defendant**

505577/1

JUN 04 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Viaticus, Inc.,

Plaintiff,

v.

First Colony Life Insurance Company,

Defendant.

COURT FILE NO. 01-CV-2134 (DSD/JMM)

**PROTECTIVE ORDER**

Pursuant to Fed. R. Civ. P. 26(d), the discovery taken by the parties in this case shall be conducted subject to the following Protective Order:

1. Any and all documents or things or information produced or otherwise furnished by any of the parties in informal or other discovery that the producing party believes contains trade secrets or other confidential commercial, proprietary or personal information may be designated, in good faith, "confidential" by the producing party by stamping or marking on the documents or other material the term "CONFIDENTIAL." Those documents or other matters shall be maintained by the other parties to this action and their counsel in confidence and used only for the purposes of this litigation, and shall not be communicated or used for any other purpose. A party's use for any purpose of its own documents and information which that party produces or discloses in this action shall not be considered a violation of this Order. To the extent that any such items are filed with the Clerk of Court or with the Court, they shall be placed in an envelope marked "CONFIDENTIAL MATERIALS SUBJECT TO PROTECTIVE ORDER" and sealed.

2. A party may also, in good faith, designate as confidential in whole or in part, materials which contain trade secrets or other confidential commercial, personal or proprietary information and which are to be disclosed or produced to another party in this action but subject to additional restrictions. Such designation shall be made by marking the document or material (or part(s) thereof) in a conspicuous manner. The marking shall state "CONFIDENTIAL-ATTORNEYS' EYES ONLY," or some similar marking. Access to materials designated "CONFIDENTIAL-ATTORNEYS' EYES ONLY" and to any portion of any transcript, brief, affidavit, memorandum or other paper that contains, reveals or refers to materials so designated is limited to legal counsel for the parties, the employees or agents of legal counsel actually assisting such counsel in preparation of this case, and any experts or consultants retained to assist counsel in these actions. To the extent that any such items are filed with the Clerk of Court or with the Court, they shall be placed in an envelope marked "CONFIDENTIAL MATERIALS SUBJECT TO PROTECTIVE ORDER" and sealed. Such sealed envelopes shall be opened only by the Clerk of Court or by the Court, or their agents.

3. Any copies, photographs, depictions, excerpts, notes concerning, or other information generated from an inspection of the matters designated "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY," and any motion papers, memoranda or other documents filed with the Court that quote from, attach or include documents, testimony or other matter designated "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY," shall be treated in the same manner as the underlying documents testimony or other matter.

4. Documents or other information designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" may be used in connection with depositions or hearings before the Court. Deposition or hearing transcripts or portions thereof which record testimony concerning confidential documents or information may be marked as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" by any party within thirty (30) days after receiving the transcript. Deposition or hearing transcripts may not be made available to anyone other than counsel or the parties during the thirty (30) days provided to make confidentially designations. The party wishing to make such designations shall advise all other parties, and the portion(s) of the transcript designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY" shall thereafter be treated as subject to the terms of this Order.

5. If, at the time of trial, or in connection with any hearing, any counsel intends to introduce documents or information designated "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" by any party or third party other than that counsel's client(s), counsel shall so inform the Court, counsel for the other parties and, if appropriate, the non-party who produced the documents or information at issue, as far in advance as possible. The Court may take steps, at the request of any party or non-party or on its own initiative, as it deems necessary, to preserve the confidentiality of the documents or information.

6. Neither the parties nor their counsel shall disclose or permit the disclosure of the documents or other information designated as "CONFIDENTIAL" to anyone other than partners, associates, legal assistants or employees of counsel to this action; the parties themselves; any expert(s) or consultants(s) retained in connection with the

preparation for and hearing of this proceeding; and any other person deemed necessary by counsel for the purposes of litigation.

7. Except for the parties themselves, and their counsel (including partners, associates, legal assistants or employees of their law firm), all persons other than the producing party or its counsel to whom any information subject to this Protective Order is disclosed shall, prior to any disclosure to them, be provided a copy of this Protective Order and must execute a protective agreement in the form attached as Exhibit A to this Protective Order. Copies of each such protective agreement shall be furnished to counsel for all parties at the conclusion of trial or upon Order of the Court. The requirement of a protective agreement prior to disclosure of documents or information subject to this Protective Order shall not apply to any nonparty witness shown documents designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" for the first time in a deposition. The party wishing to show a non-party witness documents during a deposition which have been designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" shall request that the non-party witness execute a protective agreement in the form attached as Exhibit A. In the event that the non-party witness refuses to execute a protective agreement, the party seeking to enforce confidentiality may demand that the deposition be suspended for the time necessary for that party to move pursuant to Fed. R. Civ. P. 26(c) and/or 30(d)(3) for an order that steps be taken, if necessary, to preserve the confidentiality of the documents or information.

8. Nothing contained in this Protective Order shall restrict or prevent any party to this action from disclosing or otherwise using (a) its own documents and

information which that party produces or discloses in this action, or (b) any matter produced or disclosed in this action not subject to this Protective Order and not designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY."

9. If any party wishes to have any information, document or testimony marked "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" by another party reclassified as non-confidential, or from "CONFIDENTIAL-ATTORNEYS' EYES ONLY" to "CONFIDENTIAL," the parties will confer and try to reach agreement. If the parties cannot reach agreement, the party seeking to re-classify may seek appropriate relief from the Court, with the party seeking to maintain the "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" designation bearing the burden to establish its claim of confidentiality.

10. Counsel may exclude from the room during a deposition, hearing or other proceeding any person (other than the witness who is then testifying) who is not entitled under this order to receive or review documents or information designated "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY."

11. Upon the final conclusion of this proceeding, including any appeal, or upon the settlement and or dismissal of the proceeding, all documents and things or information subject to this Protective Order shall be returned to the party which produced them, or shall be destroyed. Counsel for the parties may preserve work product and privileged documents in their permanent files even though such documents may reflect or contain confidential documents or information. The conclusion of this proceeding shall not relieve any person or party from any of the requirements imposed by this Protective Order.

12. Any non-party subpoenaed or requested to produce documents and things or information, or to give deposition testimony, shall have the full benefits and protections of this Protective Order, and may designate documents or deposition testimony as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" in the manner, and subject to the same protections, set forth above.

13. Nothing contained in this Protective Order, nor any action taken in compliance with it, shall operate as an admission by any party or third party that any particular information is or is not "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" matter or proprietary, confidential or trade secret information within the contemplation of the law, or prejudice in any way the right of any party or third party to seek a Court determination of whether or not any particular materials should be disclosed or if disclosed whether or not it should be subject to the terms of this Order. In the event that either party wishes to have particular materials or information reclassified as non-confidential, the parties will confer and try to reach agreement. If the parties cannot reach agreement, the party seeking to re-classify may seek appropriate relief from the Court, with the party seeking to maintain the protection of this order bearing the burden to establish its claim of confidentiality.

14. The provisions of this Order shall not preclude any party from seeking from the Court, for good cause shown, additional protections or limitations on the use of certain documents or information as permitted by Fed. R. Civ. P. 26(c). Nor shall any party be precluded from moving the Court for relief from this Order if, in practice, the terms of the Order are inhibiting the efficient conduct of this litigation.

**IT IS SO ORDERED:**

BY THE COURT:

Dated: 6/4, 2002.

John M. Mason
Magistrate Judge of U.S. District Court

EXHIBIT A

PROTECTIVE AGREEMENT

I hereby acknowledge that I am being given access to "confidential" information that is the subject of a Protective Order in the case entitled Viaticus, Inc. v. First Colony Life Insurance Company, Court File No. 01-CV-2134 (DSD/JMM), pending in U.S. District Court, District of Minnesota. I agree that I shall maintain that "CONFIDENTIAL" or "CONFIDENTIAL -ATTORNEYS' EYES ONLY" documents and information in confidence and will use it for no other purpose than as provided in the Protective Order. I understand that I can be subject to sanctions for violation of this agreement. I further agree that upon the conclusion of my having any need for further access to "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" documents and information provided to me, upon the final termination of this litigation (including appeals, if any), or upon request by the person making them available to me or Order of the Court, I shall return to the person making them available to me all such documents and information provided and all copies thereof.

______________________________
Printed Name

______________________________
Signature

Address:

______________________________
______________________________
______________________________

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

## *Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

## ***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.

## *Featured Speakers Include:*

**District of Minnesota**

**Judge David S. Doty**

**Judge Donovan W. Frank**

**Judge Paul A. Magnuson**

**Judge Ann D. Montgomery**

**Judge John R. Tunheim**

**Chief Magistrate Judge Jonathan Lebedoff**

**Magistrate Judge Arthur J. Boylan**

**United States Bankruptcy Court**
**District of Minnesota**

**Judge Robert J. Kressel**

**Application Pending for 7.5 CLE Credits including 2 Ethics and 1 Bias Credit**

**The Minnesota Chapter of the Federal Bar Association**
c/o Kelly & Berens, P.A.
80 S. 8th Street, Suite 3720
Minneapolis, MN 55402

NON-PROFIT
ORGANIZATION
U.S. POSTAGE
**PAID**
Minneapolis, MN
Permit No. 2657

**MINNESOTA CHAPTER OF THE FEDERAL BAR ASSOCIATION**

**In connection with**
**The Federal Judiciary**

# *28th Annual Federal Court Practice Seminar*

**June 19, 2002**
**8:00 am—5:15 pm**

**Minneapolis Convention Center**
**1301 Second Avenue South**
**Room 208**
**Minneapolis, MN 55402**
**(612) 335-6000**

## Morning Session:

| | |
|---|---|
| 7:30-8:00 | **Registration** |
| 8:00-8:15 | **Opening Remarks and Welcome,** ***Judge Ann D. Montgomery*** |
| 8:15-9:00 | **Securities Law Issues in the Wake of Enron,** ***Timothy J. Warren (SEC Midwest Regional Office), Professor Niels Schaumann (William Mitchell College of Law), Karl L. Cambronne (Chestnut & Cambronne)*** |
| 9:00-9:45 | **Current Issues in Employment Law,** ***Judge Paul A. Magnuson, Linda L. Holstein (Parsinen Kaplan Rosberg & Gottlieb PA), John R. McDonald (Meagher & Geer, PLLP), Daniel Oberdorfer (Leonard, Street and Deinard)*** |
| 9:45-10:00 | **Morning Break** |
| 10:00-10:45 | **Current Initiatives in the U.S. Attorneys' Office,** ***Tom Heffelfinger (U.S. Attorneys Office)*** |
| 10:45-11:45 | **Discovery Disputes: Professionalism in the Practice of Law?,** ***Judge David S. Doty, Chief Magistrate Judge Jonathan Lebedoff, Magistrate Judge Arthur J. Boylan,*** |
| 11:45-12:45 | **Lunch (Room 211)** |

11:45-12:45 Lunch (Room 211)

## Afternoon Session:

| | |
|---|---|
| 12:45-1:30 | **The Clerk's Office Can Be Your New Best Friend,** ***Celeste Shahidi, Lou Jean Gleason, Mary Lenner, Gertie Simon, Andy Seldon*** |
| 1:30-2:15 | **How to Effectively Teach and Persuade in Patent or Intellectual Property Cases: Why, When and How,** ***Judge Donovan W. Frank, Becky R. Thorson (Robins, Kaplan, Miller & Ciresi), Stephen J. Davidson (Leonard, Street and Deinard)*** |
| 2:15-3:15 | **Issues in the Wake of 9/11: Racial Profiling --** ***Daniel M. Scott (U.S. Federal Public Defenders' Office)***; **Response by the Department of Justice --** ***Tony Brown (U.S. Attorneys Office)*** |
| 3:15:3:30 | **Afternoon Break** |
| 3:30-4:15 | **Update on Technology Tools for Litigating in Federal Court,** ***Judge John R. Tunheim, Judge Robert J. Kressel, Eric J. Magnuson (Rider, Bennett, Egan & Arundel)*** |
| 4:15-5:15 | **Ethics in "Real Life" Practice Situations,** ***Martin A. Cole (Lawyers Professional Responsibility Office)*** |

## *Seminar Registration*

☐ Member $195.00

☐ Non-Member $225.00

Name

Firm/Employer

Address

Phone

E-Mail

**Complete registration form and send with check payable to:**

**Minnesota Chapter, FBA**
**c/o Nancy Gustafson**
**Kelly & Berens, P.A.**
**Suite 3720 IDS Center**
**80 South Eighth Street**
**Minneapolis, Minnesota 55402**

**Not a Member? Join the FBA**

*To apply on-line or to download application form go to http://www.fedbar.org and click on "Join the FBA."*

Questions call: Barbara P. Berens, Vice President, Planning, Minnesota Chapter FBA
(612)-349-6171

**Annual Seminar Planning Committee:**

Kristine M. Boylan, Meagher & Geer, P.L.L.P.

Catherine A. McEnroe, Leonard, Street and Deinard

Celeste M. Shahidi, U.S. Courthouse Minneapolis Building

Susan Nolting, U.S. Department of Justice

Maureen Watz Gornik, Warren E. Burger Federal Building